IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

DANIEL AMOS FRENZEL,           )
                               )
        Petitioner,            )
                               )
            v.                 )        1:03CR364
                               )        1:16CV809
                               )
UNITED STATES OF AMERICA,      )
                               )
        Respondent.            )

# M E M O R A N D U M   O P I N I O N

This matter is before the Court on Petitioner Daniel Amos Frenzel's ("Petitioner" or "Frenzel") Section 2255 Motion to Vacate or Set Aside Criminal Judgment. [Dkt. 23.] For the reasons set forth below, the Court will deny Petitioner's motion.

## I.  Background

On August 12, 2003, Frenzel pleaded guilty to using a firearm in relation to a "crime of violence," in violation of 18 U.S.C. § 924(c). (*See* Plea Agreement [Dkt. 13.].) The underlying "crime of violence" involved a Hobbs Act robbery, in violation of 18 U.S.C. § 1951. (Pet. Mem. in Supp. at 1.) On November 13, 2003, this Court sentenced Frenzel to 32 years imprisonment, followed by a six-year term of supervised release. [Dkt. 16.] Frenzel did not appeal. On August 13, 2004, the

1

Government filed a Rule 35(b) Motion to reduce Frenzel's sentence, which was granted. [*See* Dkt. 18, 22.] His new combined sentence was 200 months. [*Id.*]

On June 27, 2016, Frenzel petitioned to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in light of the United States Supreme Court's recent holding that the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. *See Johnson v. United States*, 135 S. Ct. 2551 (2015); *see also Welch v. United States*, 136 S. Ct. 1257 (2016) (holding that *Johnson* applies retroactively on collateral review). On July 15, 2016, the Government filed a motion to dismiss the § 2255 petition. Frenzel did not file a reply. This § 2255 petition is now ripe for disposition.

## II.   Analysis

Under 28 U.S.C. § 2255, a prisoner in federal custody may collaterally attack his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426–27 (1962). The petitioner bears the

burden of proof by a preponderance of the evidence.  *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Under the Antiterrorism and Effective Death Penalty of 1996 ("AEDPA"), a federal district court must dismiss any § 2255 motion that is filed more than one year after the date on which: (1) the judgment of conviction becomes final; (2) the impediment to making a motion, created by unlawful governmental action, is removed and the petitioner was prevented from making a motion by such action; (3) the United States Supreme Court initially recognized the constitutional right asserted, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the facts supporting the claims presented could have been discovered with due diligence.  28 U.S.C. § 2255(f).  A petitioner must demonstrate that the petition was timely filed under § 2255 or that his untimely petition may be salvaged by equitable tolling principles.  *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (confirming that equitable tolling applied to AEDPA's statute of limitations); *United States v. Terrell*, 405 F. App'x 731, 732 (4th Cir. 2010) (applying the holding in *Holland* to § 2255 motions).

In its motion to dismiss, the Government argues Frenzel's § 2255 petition is untimely.  Initially, the Government argues that Petitioner's motion was filed more than

one year from the date on which the judgment of conviction became final. [Dkt. 25, at 2.] The Court entered judgment in this case on November 13, 2003. [Dkt. 16.] Petitioner did not appeal his conviction, so his conviction became final on November 13, 2004. Petitioner did not file the instant petition until June 27, 2016. [Dkt. 23.] Thus, the petition is untimely under § 2255(f)(1), as it was filed nearly twelve years after Petitioner's conviction became final.

The Government also argues that Petitioner's motion should not be considered timely under § 2255(f)(3), as the new right recognized by *Johnson* and made retroactive by *Welch* does not apply to Petitioner's case. The United States Supreme Court issued its decision in *Johnson*, striking the Residual Clause of the ACCA as unconstitutionally vague, on June 26, 2015. 135 S. Ct. at 2563. Less than a year later, the Supreme Court made clear in *Welch* that the ruling in *Johnson* applies retroactively. 136 S. Ct. at 1268. Petitioner had one year from the date of *Johnson* to file a § 2255 petition: June 27, 2016.[1] Although Petitioner met the filing deadline, [Dkt. 23], the Government is correct that his petition is untimely, as the newly recognized right in *Johnson* does not apply to Petitioner's case.

---

[1] One year from the date of *Johnson* occurred on June 26, 2016. However, because June 26th fell on a Sunday, the deadline for Petitioner's motion was extended to June 27, 2016. *See* Fed. R. Civ. Pro. 6(a)(1)(C); Fed. R. Crim. Pro. 45(a)(1)(C).

"[A] case announces a new rule when it breaks new ground or imposes a new obligation" on the government. *Teague v. Lane*, 489 U.S. 288, 301 (1989) (internal citations omitted). "To put it differently, a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Id.* (internal citations omitted). A holding is only dictated by existing precedent if it would have been "apparent to all reasonable jurists." *Lambrix v. Singletary*, 520 U.S. 518, 527–528 (1997). *Johnson*'s application to § 924(c)(3)(B) is not apparent here.

The only circuits to address whether *Johnson* invalidates § 924(c)(3)(B) thus far have rejected Plaintiff's arguments. *See United States v. Hill*, 2016 WL 4120667, at *8 (2d Cir. Aug. 3, 2016) (holding that *Johnson* is inapplicable to the residual clause of § 924 because "Section 924(c)(3)(B) does not involve the double-layered uncertainty present in *Johnson*"); *United States v. Taylor*, 814 F. 3d 340, 375-79 (6th Cir. 2016) (holding that *Johnson* did not render the residual clause of § 924(c) unconstitutionally vague because that clause "is considerably narrower than the statute invalidated . . . in *Johnson*, and because much of *Johnson's* analysis does not apply to [the residual clause of § 924(c)]"). The Fourth Circuit, sitting en banc, also held that, on direct appeal, a defendant failed to show that it is "plain" that *Johnson* invalidates

5

§ 924(c)(3)(B). *United States v. Graham*, 2016 WL 3068018, at *1 n.1 (4th Cir. May 31, 2016). In addition, the Fourth Circuit declined to address the constitutionality of § 924(c)(3)(B), noting that the United States Supreme Court had no occasion to review that provision when deciding *Johnson*. *United States v. Fuertes*, 805 F.3d 485, 499 n.5 (4th Cir. 2015).

For a motion filed pursuant to § 2255(f)(3), "the Supreme Court itself must recognize the specific substantive right at issue." *United States v. Kerney*, 2016 WL 6093486, at *2 (E.D. Va. Oct. 18, 2016). Section 2255(f)(3) "does not authorize [a lower court] to read between the lines of a prior opinion [by the Supreme Court] to discern whether that opinion, by implication, made a new rule retroactively applicable on collateral review." *Kerney*, 2016 WL 6093486, at *1 (citing *United States v. Mathur*, 685 F.3d 396, 401 (4th Cir. 2012) (internal quotations omitted)). This Court declines to read between the lines of *Johnson* today to invalidate 18 U.S.C. § 924(c)(3)(B) as unconstitutionally vague, a law that the Supreme Court had no occasion to review.

Because the new rule announced in *Johnson* does not apply to Petitioner's case, § 2255(f)(3) does not apply either. Petitioner does not argue that unlawful government action prevented his filing of the instant motion, 28 U.S.C. § 2255(f)(2), or allege new facts that could not have been

discovered previously through due diligence, *id.* § 2255(f)(4).
Thus, the Court will deny Petitioner's § 2255 motion as
untimely.

### III.  Conclusion

For the foregoing reasons, the Court will deny
Petitioner Daniel Amos Frankel's petition to vacate, set aside,
or correct his sentence.

An appropriate order shall issue.

|  |  |
|---|---|
|  | /s/ |
| November 17, 2016 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |